UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

F I L E D

SEP 2 5 2012

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

DON GILLIAM CHANCE, III )
)
      Plaintiff, )
)
v. )     Civil Action No. 3:12CV320-JRS
)
WELLS FARGO BANK, N.A., )
)
and )
)
EQUITY TRUSTEES, LLC, )
      Defendants. )

## MEMORANDUM OPINION

THIS MATTER comes before the Court on the respective Motions to Dismiss (ECF Nos. 3 and 6) filed by Defendants Equity Trustees, LLC ("Equity Trustees") and Wells Fargo Bank, N.A. ("Wells Fargo") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff seeks damages, a rescission of the foreclosure sale of his home, and injunctive relief against Defendants from taking further action relating to the property. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court, and argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons discussed below, the Defendants' Motions to Dismiss are GRANTED.

### I. BACKGROUND

Out of a concern about the growing number of home foreclosures in the United States, the U.S. Department of Treasury created the Home Affordable Modification

Program ("HAMP") in 2009. HAMP seeks "to prevent avoidable home foreclosures by encouraging loan servicers to reduce the required monthly mortgage payments for struggling homeowners." *Rathore v. Bank of America, N.A.*, No. 3:11-CV-136, 2011 U.S. Dist. LEXIS 55619, at *2 (E.D. Va. May 24, 2011); *see generally id.* HAMP, as implemented by 12 U.S.C. § 5219(a)(1), provides an opportunity for "certain homeowners who are in default or at imminent risk of default to obtain 'permanent' loan modifications," placing a cap on their monthly mortgage payments for at least five years. *Id.* at *2-3. Servicers that are not government-sponsored entities may voluntarily participate in HAMP, but those that do choose to participate must agree to comply with the HAMP guidelines, procedures, and supplemental directives. *Id.* at *3-4.

Plaintiff claims that he owns a tract of land at 920 Pale Moon Drive in Glen Allen, Virginia. Plaintiff obtained a home mortgage loan in April 2008 from Wells Fargo, and executed a Promissory Note and Deed of Trust with regards to this property. Plaintiff alleges that he subsequently experienced a decline in his income, and therefore, hired Heath J. Thompson, P.C. ("HJTPC") in May 2011 to prepare an application for a loan modification. Plaintiff asserts that he submitted a loan modification application in May 2011,[1] and that HJTPC learned from Wells Fargo in October 2011 that Plaintiff was prequalified for review. HJTPC allegedly called Wells Fargo for an update in November 2011 and was told to submit additional financial documents, which Plaintiff claims were

---

[1] Plaintiff's Amended Complaint alleges that Plaintiff hired HJTPC in May 2011, submitted a loan modification application on May 5, 2012, and submitted all additional financial documents by May 9, 2011. (Pl.'s Am. Compl. ¶¶ 10-12.) The Court therefore assumes that the May 5, 2012 date is a typographical error, and for the purposes of the instant Motions, assumes that Plaintiff submitted the application on May 5, 2011.

faxed on November 10, 2011. Plaintiff claims that a Wells Fargo representative informed HJTPC on January 4, 2012[2] that Plaintiff was "declined due to expenses outweighing income." (Pl.'s Am. Compl. ¶ 16.) HJTPC allegedly spoke with the Home Retentions Specialist at Wells Fargo on January 30, 2012 and was told to submit additional documents, which were submitted by fax on January 31, 2012. Plaintiff claims that as of the filing of this case, "Bank has failed to complete the review process or to . . . accept the Plaintiff into a trial modification or to provide a letter stating the reasons for denial of the modification and providing for 30 days to appeal." (Pl.'s Am. Compl. ¶ 18.) On February 3, 2012, Equity Trustees allegedly sold the property at an auction.

On or about February 2, 2012, Plaintiff filed this action in the Henrico County Circuit Court ("Circuit Court") against GMAC Mortgage, LLC and Equity Trustees. Plaintiff first alleged that Defendants breached an implied covenant of good faith and fair dealing, "specifically by (i) failing to properly review Plaintiff for a loan modification (ii) foreclosing on Plaintiff's home before a proper review has been done and a denial letter has been sent to Plaintiff." (Pl.'s Compl. ¶ 23.) Plaintiff also alleged that "[t]he foreclosure sale is a damage remedy" for untimely mortgage payments, and therefore, that Defendants breached a duty to mitigate damages by failing to first properly consider Plaintiff for a loan modification. (*Id.* at ¶ 29.) Plaintiff further claimed that Defendants breached the Deed of Trust by violating a federal law, specifically that Equity Trustees "violated 12 U.S.C. §5219(a)(1) by proceeding to a foreclosure of Plaintiffs home before

---

[2] The Court assumes that the January 4, 2011 date in Plaintiff's Amended Complaint is a typographical error. (*See* Pl.'s Am. Compl. ¶10-17.)

fully reviewing Plaintiffs modified loan application." (*Id*. at ¶¶ 31-34.) Finally, Plaintiff

sought a preliminary injunction to prevent a foreclosure sale of the property.

Plaintiff filed a Motion for Leave to Amend on February 6, 2012 in order to

replace GMAC Mortgage LLC, erroneously named as a Defendant, with Wells Fargo,

and to add a claim for rescission of the alleged February 3, 2012 foreclosure sale in place

of the petition for a preliminary injunction.  Plaintiff filed a Motion to Dismiss on

Grounds of Misjoinder of Party on February 15, 2012 to dismiss the action against

GMAC Mortgage, LLC.[3]  Equity Trustees demurred on or about March 1, 2012 on the

grounds that the Complaint failed to state a claim for which relief could be granted, and

that Equity Trustees was a nominal party against whom Plaintiff failed to allege any

actions.  Equity Trustees also asserted that the Complaint failed to plead an actionable

claim based on HAMP because the statute does not provide for a private right of action.

Plaintiff filed an Amended Complaint listing Wells Fargo as defendant on or about

March 19, 2012.  Equity Trustees filed a demurrer to the Amended Complaint on the

same grounds as the original demurrer.  Wells Fargo demurred on April 27, 2012 on the

following grounds: no private cause of action exists under HAMP; Plaintiff has not

sufficiently alleged the elements for breach of contract or injunctive relief; Virginia law

does not recognize an implied covenant of good faith and fair dealing if the alleged

violation is an express contractual right; and there is no affirmative claim for breach of

the duty to mitigate damages.  Finally, Wells Fargo asserted that the claims for rescission

---

[3] Plaintiff filed an amended Motion for Leave to Amend and Motion to Dismiss on
Grounds of Misjoinder of Party on or about March 14, 2012.

and compensatory damages are not adequately supported in the law.

On April 27, 2012, Wells Fargo removed the action to this Court with the consent of Equity Trustees. Wells Fargo asserts that this Court has jurisdiction under 28 U.S.C. § 1332 because Equity Trustees is "a nominal defendant and/or is fraudulently joined in an attempt to destroy the Court's diversity jurisdiction." (Def.'s Notice of Removal ¶ 8.) Alternatively, Wells Fargo asserts that this Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff alleges that Wells Fargo violated federal law and raises claims "that will require resolution of significant disputed issues of federal law." (*Id.* at ¶ 7.)

On May 4, 2012, Wells Fargo filed a Motion to Dismiss on the grounds that: (1) no private cause of action exists under HAMP, (2) Plaintiff has failed to set forth a claim of breach of contract, (3) Plaintiff has failed to set forth a claim of breach of the implied covenant of good faith and fair dealing, and (4) no cause of action for breach of the duty to mitigate damages exists. On June 6, 2012, Equity Trustees filed a Motion to Dismiss on the grounds that: (1) no private cause of action exists under HAMP, (2) Plaintiff has failed to allege that Equity Trustees is a loan servicer subject to the requirements of HAMP, and (3) no cause of action for breach of the duty to mitigate damages exists. The Plaintiff has failed to respond to either of the instant Motions to Dismiss.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a complaint, rather than the facts supporting it. *See Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court ruling on a Rule 12(b)(6) motion must take as true all of the plaintiff's well-pleaded allegations and should view

the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). The plaintiff need not plead facts constituting a prima facie case in order to survive a motion to dismiss. *See Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). However, the complaint must "state a claim for relief that is plausible on its face," *Twombly*, 550 U.S. at 570, and the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555.

## III. DISCUSSION

Plaintiff asserts three claims in his Amended Complaint: (1) breach of implied contractual covenant of good faith and fair dealing, (2) breach of the duty to mitigate damages, and (3) breach of the Deed of Trust by a violation of the HAMP provisions. Initially, the Court agrees with Defendants' contention that no private right of action exists under HAMP. *Pennington v. PNC*, No. 2:10-CV-361, 2010 U.S. Dist. LEXIS 143157, at *11 (E.D. Va. Aug. 11, 2010) (rejecting the argument that a homeowner has a private right to sue under HAMP or as an incidental beneficiary to HAMP contracts). *See Parks v. BAC Home Loan Servicing, LP*, 825 F.Supp.2d 713, 716 (E.D. Va. 2011) ("plaintiffs may only pursue a breach of contract claim based on the loan modification application if that cause of action is *independent* from HAMP") (citing *Bourdelais v. J.P. Morgan Chase*, No. 3:10-CV-670-HEH, 2011 U.S. Dist. LEXIS 35507, at *3 (E.D. Va.

Apr. 1, 2011)).  Further, "[t]his Court has previously held that an application for HAMP loan modification is not a valid contract unless the plaintiff can prove that the application was more than a mere offer to apply . . . such an offer [to merely consider a loan modification application] does not, as a matter of law, create a binding contract to modify Plaintiff's mortgage." *De Vera v. Bank of Am., N.A.*, No. 2:12-CV-17, 2012 U.S. Dist. LEXIS 87840, at \*6-7 (E.D. Va. June 25, 2012).  For the reasons discussed below, the Court finds that Plaintiff has failed to state a plausible claim against Defendants.

## A. Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff claims that Defendants breached an implied covenant of good faith and fair dealing, "specifically by (i) failing to properly review Plaintiff for a loan modification (ii) foreclosing on Plaintiff's home before a proper review has been done and a denial letter has been sent to Plaintiff."  (Pl.'s Compl. ¶ 23.)  Under Virginia law, the implied covenant of good faith and fair dealing does not create affirmative obligations, but rather "is simply a manifestation of conditions inherent in expressed promises," and is designed to prevent a party from "acting in such a manner as to prevent the other party from performing his obligations under the contract." *De Vera*, 2012 U.S. Dist. LEXIS 87840, at \*8 (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp.*, 213 F.3d 175, 182-83 (4th Cir. 2000) (internal quotations omitted)).

In *De Vera v. Bank of Am.*, the plaintiff, who was represented by the same counsel obtained by Plaintiff in the immediate case, similarly argued that Bank of America breached an implied covenant of good faith and fair dealing because the bank failed to review the plaintiff's loan modification application or to properly consider plaintiff for

7

alternative modification programs. 2012 U.S. Dist. LEXIS 87840, at *7. In rejecting this

argument and granting the defendant's motion to dismiss this count, the Court in *De Vera*

held that "neither the Promissory Note nor the Deed of Trust creates a duty on the part of

[Bank of America] to facilitate loan modification." *Id.* at *9. Rather, the Court found

that the plaintiff in *De Vera* was attempting "to mask HAMP violations under the guise

of an implied covenant of good faith and fair dealing." *Id. See also Parks*, 825

F.Supp.2d at 716 ("The Court will also dismiss Park's implied duty of good faith and fair

dealing claim as it is merely another attempt to recast the HAMP claim.").

　　　In this case, Plaintiff does not sufficiently allege that either the Promissory Note or

Deed of Trust create a contractual obligation specifying the level of review that

Defendant was required to give Plaintiff's loan modification application. At most,

Plaintiff alleges that Defendants have violated the duty of good faith and fair dealing "by

not complying with the standard practice in the industry [of] postponing a scheduled

foreclosure date until the modification application has been thoroughly reviewed." (Pl.'s

Am. Compl. ¶ 26.) The fact that Plaintiff can reference only "standard practice in the

industry" rather than any contractual provisions creating such an obligation, lends to the

conclusion that this claim, like the one that Plaintiff's counsel previously presented in *De

Vera* and also in *Parks v. BAC Home Loan Servicing, LP*, is merely a disguised HAMP

claim. Accordingly, the Court finds that Plaintiff has not sufficiently stated a plausible

claim that Defendants have breached an implied covenant of good faith and fair dealing.

### B. Breach of the Duty to Mitigate Damages

Plaintiff also alleges that home foreclosure is a damage remedy stemming from Plaintiff's failure to make timely mortgage payments, and therefore, that Defendants breached a duty to mitigate these damages, as defined by § 5219(a)(1), by failing to properly consider Plaintiff for a loan modification prior to foreclosure. Plaintiff's counsel presented this exact argument in *De Vera*, which the Court rejected after noting that the plain language of § 5219(a)(1), "*does not* demand that each private loan modification application shall be granted." 2012 U.S. Dist. LEXIS 87840, at *10-11 (emphasis in original). Even Plaintiff acknowledges in the case at hand that Defendants were not obligated to grant a loan modification: "A loan modification is *one way* in which the Defendants *might* mitigate alleged damages." (*See id*. at ¶ 29.) (emphasis added). Although it has already been noted that homeowners do not have a private right of action under HAMP, *supra* at Section III, Plaintiff has not sufficiently stated a plausible claim that Defendants breached a duty to mitigate damages in violation of § 5219, even if Plaintiff *could* properly bring a cause of action under this statute.

### C. Breach of the Deed of Trust

Plaintiff further claims that Defendants breached the Deed of Trust, in which they agreed to be bound by all state and federal laws. Specifically, Plaintiff alleges that Defendant Equity Trustees, the Substitute Trustee, "violated 12 U.S.C. §5219(a)(1) by proceeding to a foreclosure of Plaintiffs home before fully reviewing Plaintiffs modified loan application." (*Id*. at ¶¶ 31-34.) Again, Plaintiff's counsel presented a nearly identical argument in *De Vera*, where the Court rejected the plaintiff's claim that the

9

defendant breached the deed of trust "by failing to wait for a verifiable certification that the [loan modification application] had been properly and actually reviewed before proceeding with the foreclosure sale." 2012 U.S. Dist. LEXIS 87840, at *11. A party alleging breach of contract under Virginia law must establish that the defendant owed plaintiff a legally enforceable obligation, the defendant violated that obligation, and the plaintiff suffered injury or damage as a result of the defendant's breach. *Id.* at *12. The Court in *De Vera* found that the plaintiff there failed to satisfy the first prong since § 5219(a)(1) does not obligate servicers or lenders to grant loan modifications or require a Substitute Trustee to verify that the application has been reviewed before proceeding with a foreclosure. *Id.* at *12. The Court rejected plaintiff's claim in *De Vera* as an attempt "to assert a claim under HAMP by alleging a breach of the Deed of Trust." *Id.* at *12-13. Just as in *De Vera*, Plaintiff's factual allegations in this case do not state a plausible claim that Defendants owed Plaintiff a legally enforceable obligation under § 5219(a)(1). Because Plaintiff has not satisfied this first element of a breach of contract cause of action, his claim against Defendants for breach of the Deed of Trust must fail.

Accordingly, the Court finds that Plaintiff fails to sufficiently state a claim for which relief can be granted pursuant to Rule 12(b)(6) with respect to each of his three claims. Because Plaintiff cannot survive Defendants' Motions to Dismiss, the Court need not address Plaintiff's claims for a rescission of sale, injunctive relief, and damages.

## V. CONCLUSION

For these reasons, the Court GRANTS Defendants' Motions to Dismiss and DISMISSES Plaintiff's claims against Defendants Equity Trustees and Wells Fargo.

An appropriate Order shall issue.

/s/

_____
Henry E. Hudson
United States District Judge

Dated: Sept. 24 2012
Richmond, Virginia

11